**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| In re:<br><br>  Daiquan Jamel Weston<br>    **Debtor 1**<br>  Pinkie B. Britney Weston<br>    **Debtor 2**<br><br>  PennyMac Loan Services, LLC<br>    **Movant(s)**<br>        v.<br>  Daiquan Jamel Weston<br>  Pinkie B. Britney Weston<br>    **Respondent(s)**<br>  Jack N. Zaharopoulos, Esquire<br>  Standing Chapter 13 Trustee<br>    **Additional Respondent** | **Chapter** 13<br><br>**Case No.** 1:24-BK-01046-HWV<br><br>**Matter:** Motion for Relief from the Automatic Stay<br><br>**Document No.** 69 |

# DEBTOR(S)' ANSWER TO MOVANT(S)' MOTION
# FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW, come the Debtor(s), Daiquan Jamel Weston and Pinkie B. Britney Weston, through their attorney, Paul D. Murphy-Ahles, Esquire and DETHLEFS PYKOSH & MURPHY, who files the within Debtor(s)' Answer to Movant(s)' Motion for Relief from the Automatic Stay and aver as follows:

1. Admitted.

2. Admitted

3. Admitted

4. Uon information and belief, the averment as stated in Paragraph 4 is admitted.

5. Denied. Debtor(s) are without sufficient knowledge as to the truth of the averment as stated in Paragraph 5; therefore, it is denied.

6. Upon information and belief, the averment as stated in Paragraph 6 is admitted. By way of further response, Debtor(s) stand ready to bring their account current per stipulation terms agreeable to the parties.

7. Upon information and belief, the averment as stated in Paragraph 7 is admitted. By way of further response, Debtor(s) stand ready to bring their account current per stipulation terms agreeable to the parties.

8. Denied. Debtor(s) are without sufficient knowledge as to the truth of the averment as stated in Paragraph 8; therefore, it is denied.

9. Paragraph 9 contains a conclusion of law to which no response is required.

10. Denied. Debtor(s) are without sufficient knowledge as to the truth of the averment as stated in Paragraph 10; therefore, it is denied.

11. Denied. Debtor(s) are without sufficient knowledge as to the truth of the averment as stated in Paragraph 11; therefore, it is denied.

WHEREFORE, Debtor(s) requests this Court deny the requested relief.

Respectfully submitted,
**DETHLEFS PYKOSH & MURPHY**

Date: August 29, 2025

/s/ Paul D. Murphy-Ahles

Paul D. Murphy-Ahles, Esquire
PA ID No. 201207
2132 Market Street
Camp Hill, PA 17011
(717) 975-9446
pmurphy@dplglaw.com
*Attorney for Debtor(s)*

# UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

In re:

Daiquan Jamel Weston
**Debtor 1**
Pinkie B. Britney Weston
**Debtor 2**

PennyMac Loan Services, LLC
**Movant(s)**
v.
Daiquan Jamel Weston
Pinkie B. Britney Weston
**Respondent(s)**
Jack N. Zaharopoulos, Esquire
Standing Chapter 13 Trustee
**Additional Respondent**

**Chapter** 13

**Case No.** 1:24-BK-01046-HWV

**Matter:** Motion for Relief from the Automatic Stay

**Document No.** 69

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, August 29, 2025, I served a true and correct copy of the **Debtor(s)' Answer to Movant(s)' Motion for Relief from the Automatic Stay** in this proceeding via electronic means upon the following:

Matthew Fissel, Esquire
KML Law Group
701 Market Street, Suite 5000
Philadelphia, PA 19106
*Counsel for Movant(s)*

Jack N. Zaharopoulos, Esquire
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036

Office of the United States Trustee
Sylvia H. Rambo United States Courthouse
1501 North Sixth Street, Floor 3
Harrisburg, PA 17102

/s/ Kathryn S. Greene

Kathryn S. Greene, M-Jur., RP®, Pa.C.P.
Paralegal for Paul D. Murphy-Ahles, Esquire